[Cite as *Robert W. Moodie Excavating, Inc. v. Smith*, 2014-Ohio-2468.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT W. MOODIE EXCAVATING, LLC, | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | CASE NO. 13 JE 4 |
| V. | ) ) | OPINION |
| BOB SMITH, | ) ) ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Jefferson County Court #1 of Jefferson County, Ohio Case No. 2012-CVI-350

JUDGMENT: Modified

APPEARANCES:
For Plaintiff-Appellee Robert W. Moodie, Pro-se
4812 County Highway 54
Irondale, Ohio 43932

For Defendant-Appellant Bob Smith, Pro-se
895 County Rd. 42
Toronto, Ohio 43964

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 2, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Bob Smith, appeals from a Jefferson County Court #1 judgment awarding $1,105.69 to plaintiff-appellee, Robert W. Moodie Excavating, LLC, on appellee's claim for a balance due on an oral contract.

{¶2} The parties entered into an oral agreement whereby appellee was to dig a foundation for appellant. The foundation was to include two loads of gravel and a slope bank. The agreed price was $7,500 to $8,500. The only written evidence of the parties' agreement was a business card of appellee's, on the back of which was written:

> $7500
> $8500
> 2 Ld SLAg included
> Slope BANK

{¶3} Appellee dug the foundation. Robert Moodie, appellee's owner, claimed he hit rock while digging, which necessitated additional work in the amount of $2,380. Appellee also hauled away a large amount of dirt from appellant's property.

{¶4} Appellant paid appellee $11,813.10.

{¶5} Appellee filed a small claims complaint alleging appellant still owed it money for work performed.

{¶6} Both appellant and Moodie appeared pro se and offered testimony before the trial court. The court found that both parties were being truthful and noted it was unfortunate that there was no written document regarding the transportation of the dirt and who should pay for it and what the additional work for hitting rock would cost.

{¶7} The court found that appellee substantially performed the job with the exception of delivering one load of slag and sloping the bank. The court found that the contract price was $7,500 to $8,500. The court made the assumption that the $1,000 price allowance was in case of contingencies, like hitting rock, so appellee was entitled to charge $8,500. The court found it would not award the $2,380,

appellee's alleged cost for the additional work incurred as a result of hitting rock, because it was not included in the original contract estimate. The court further found that the parties did not initially discuss the issue of the dirt. It found that appellant owned the dirt and was entitled to be paid for it. It also found that appellee should be compensated for transporting the dirt. The court found $4,125 was the reasonable charge for transporting the dirt. The court totaled appellee's bill as follows:

$8,500.00 (original estimate)
+ $188.10  (buster rental)
+ $ 105.69  (slag)
$8,793.79  (total)
 + $4,125.00 (dirt delivery)
$12,918.79
 - $11,813.10 (amount paid by appellant)
$1,105.69 (balance due to appellee from appellant)

**{¶8}** The court also ordered that appellant was entitled to reimbursement for the dirt and any money owed by a third party for the dirt was owed to appellant.

**{¶9}** Appellant filed a timely notice of appeal on February 15, 2013.

**{¶10}** Appellee has not filed a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

**{¶11}** A transcript of the testimony was not available. Therefore, appellant submitted a court-approved statement of facts in accordance with App.R. 9(C). This court stated that the statement of facts would be included in the record on appeal.

**{¶12}** Appellant, still acting pro se, raises four "propositions of law" that act as his assignments of error. We will treat them as such. His first assignment of error states:

AN INDEPENDENT CONTRACTOR CANNOT BILL TWO

DIFFERENT PARTIES FOR THE SAME TIME (DOUBLE BILLING).

{¶13} Appellant asserts that his neighbor paid appellee $4,125 to have 165 loads of dirt hauled to his residence.  He further asserts that appellee continued to bill him for excavating at $85 per hour even though no excavating was taking place.  Appellant alleges each round trip load took approximately 15 minutes, which when multiplied times 165 loads results in 41.25 hours spent hauling dirt to the neighbor's property.  He contends appellee billed him for $3,506.25 for the time appellee was hauling the dirt.  Appellant argues this was impermissible double billing.

{¶14} The evidence on this subject was as follows.

{¶15} Appellant testified that he paid additional money to have the dirt from the excavation hauled away from the job site.  The dirt was hauled to appellant's neighbor's property, approximately one mile away from the job site.  Moodie's testimony was that appellee hauled the dirt to the neighbor's property for $25 per load.  Appellant testified that the hours charged by appellee did not take into consideration the time that was spent hauling the dirt for the neighbor at $25 per load and 15 minutes per load.  Appellant stated that he paid appellee $4,125 to haul the dirt from his property to the neighbor's property.

{¶16} The evidence also demonstrated there was an agreement between appellant and his neighbor to pay appellant for the dirt that was hauled to the neighbor's property.  No evidence as to what appellant received from the neighbor was presented.

{¶17} There is one major piece of evidence missing from the record necessary to support appellant's argument.  There is no evidence that appellant's neighbor paid appellee for hauling the dirt.  Instead, the evidence was that appellant paid appellee $4,125 to haul and deliver the dirt.

{¶18} The trial court based its decision on this evidence and the lack of any other evidence.  The court stated it was because of the apparent agreement between appellant and the neighbor that it ordered appellant was to retain any proceeds paid by the neighbor for the dirt.

**{¶19}** And in its judgment the court specifically stated, "JUDGMENT IN FAVOR OF PLAINTIFF [appellee] FOR $1,105.69 *WITH ANY REIMBURSEMENT FROM A THIRD PARTY FOR THE DIRT BEING PAID DIRECTLY TO THE DEFENDANT* [appellant]." Thus, appellant's argument that appellee was paid twice, once by him and once by his neighbor, is not supported by the evidence. Accordingly, appellant's first assignment of error is without merit.

**{¶20}** Appellant's second assignment of error states:

> WHERE THERE IS AMBIGUITY IN A CONTRACT, IT MUST BE STRICTLY CONSTRUED AGAINST THE PARTY WHO PREPARED IT.

**{¶21}** Appellant asserts that appellee was to provide two loads of slag, which cost was included in the $7,500 to $8,500 estimate. He contends appellee later billed him an additional $105.69 for one load of slag and never delivered the second load. Because the two loads of slag were included in the estimate, appellant asserts appellee should not have billed him for the one load of slag it delivered and should have subtracted an additional $105.69 from his bill because appellee did not deliver the second load.

**{¶22}** In its judgment entry, the trial court found that appellant was responsible for paying for one load of slag valued at $105.69. The court added this amount to the $8,500 contract price.

**{¶23}** As to the slag, the evidence was as follows. The parties entered into an oral contract to dig a 40' x 60' foundation, to be 8' deep, including two loads of gravel and a slope bank. The price was to be $7,500 to $8,500. Appellant testified that one load of slag was not delivered. This was the only evidence of record as to the slag.

**{¶24}** From this evidence we can conclude that the price of two loads of slag was to be included in the $7,500 to $8,500 estimate for the job. There was no evidence to the contrary.

**{¶25}** Therefore, the trial court erroneously added $105.69 to the $8,500

price. That amount was included in the $8,500 price.

**{¶26}** Additionally, the undisputed testimony was that appellee only delivered one of the two promised loads of slag. Therefore, the court should have subtracted the cost of the second load of slag from the $8,500 price.

**{¶27}** Based on the above, the trial court's judgment against appellant will be reduced by $211.38 ($105.69 + $105.69).

**{¶28}** Accordingly, appellant's second assignment of error has merit.

**{¶29}** Appellant's third assignment of error mirrors his second but he raises a different argument here. Appellant's third assignment of error states:

> WHERE THERE IS AMBIGUITY IN A CONTRACT, IT MUST BE STRICTLY CONSTRUED AGAINST THE PARTY WHO PREPARED IT.

**{¶30}** Here appellant argues that the $7,500 to $8,500 estimate provided by appellee included all equipment and labor. He contends that when appellee determined that he did not have the additional equipment to do the job, appellee rented a "buster" for $188.10 and then charged appellant that amount. Appellant argues that the cost of any additional equipment was included in the estimate and contends appellee should not have charged him extra.

**{¶31}** The evidence regarding the buster was as follows. Once Moodie hit rock, he rented a buster, which was used to break up the rock. Moodie testified that the original planned excavation work took several days longer to complete because of the additional work necessary due to the rock that was encountered. He testified that because of the rock, additional work costing $2,380 was required.

**{¶32}** The court found the cost of the buster rental was $188.10. The court also found, however, that the $7,500 to $8,500 contract price included contingencies, like hitting rock, and that was the reason for the $1,000 price differential. Because appellee encountered the rock and additional expenses, the court found appellee was entitled to charge $8,500. It found it could not award the $2,380 because it was

not included in the original contract estimate and the court was required to use the only written document it had with respect to the terms.

**{¶33}** Given the trial court's reasoning, the court should not have charged appellant the $188.10 that appellee paid to rent the buster. The court found appellee was not entitled to be reimbursed for the work it incurred as a result of hitting rock. Instead, the court found that this contingency was covered by the $1,000 variation in the contract price. It stands to reason then, that appellant should not have been required to pay for the buster rental as that was part of the cost incurred when appellee hit rock.

**{¶34}** Therefore, the $188.10 will be subtracted from the trial court's award to appellee.

**{¶35}** Accordingly, appellant's third assignment of error has merit.

**{¶36}** Appellant's fourth assignment of error also mirrors his second and third assignments of error stating:

> WHERE THERE IS AMBIGUITY IN A CONTRACT, IT MUST BE STRICTLY CONSTRUED AGAINST THE PARTY WHO PREPARED IT.

**{¶37}** Once again, however, appellant presents a new issue. Here appellant argues that the only written contract between the parties was the writing on the back of appellee's business card. He points out that one of the listed items is a "slope bank." Appellant asserts that appellee never "sloped the bank." He asserts this task could not be completed until the foundation was backfilled. Because appellee did not "slope the bank," appellant argues, appellee did not fulfill the terms of the contract. Appellant states he received an estimate from a third party to "slope the bank" for $2,860. He contends this amount should be deducted from the amount he owed appellee.

**{¶38}** As to the sloped bank, the evidence was that this was part of the contract. And appellant testified that appellee did not complete the sloping of the

bank as there were still some piles of dirt remaining on the bank. Appellant believed appellee should have completed the bank. But Moodie stated the dirt would not be backfilled until the house was completed and a final grade was done by the contractor who built the home.

{¶39} Thus, the evidence was conflicting as to whether appellee fully performed this part of the contract.

{¶40} Furthermore, there was no evidence as to what the cost was to slope the bank. Therefore, even if appellant proved that appellee failed to slope the bank as the parties agreed to, appellant did not offer any evidence as to what amount should be subtracted from the contract price. In his brief, he alleges he received an estimate that sloping would cost $2,860. But this evidence was not presented to the trial court. We are confined to the evidence submitted by the parties to the trial court.

{¶41} Accordingly, appellant's fourth assignment of error is without merit.

{¶42} Based on the merit of appellant's second and third assignments of error, the trial court's judgment in favor of appellee is hereby modified. From the trial court's award of $1,105.69 we subtract $211.28 for the slag and $188.10 for the buster rental leaving an award of $706.31.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.